# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| KAROLYN KAFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-cv-479 |
| v. | ) | |
| | ) | Judge |
| OFFICER PASZKIEWICZ, | ) | |
| OFFICER GOODNATURE | ) | |
| And, | ) | Magistrate Judge |
| OTHER UNKNOWN, | ) | |
| JOHN DOE OFFICERS, | ) | JURY DEMAND |
| individually, | ) | |
| and the CITY OF WAUKESHA, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, Karolyn Kafer, by and through her attorneys, Erickson

& Oppenheimer, complaining against the Defendants, Officer Paszkiewicz, other Unknown

John Doe Officers, individually, and the City of Waukesha, a municipal corporation, as

follows:

## INTRODUCTION

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of

   Plaintiff's rights under the Constitution of the United States.

1

## JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4) The Plaintiff, Karolyn Kafer, is a resident of Waukesha, Wisconsin.

5) The individual Defendants, Officers William Paszkiewicz, Brenna Goodnature, and the Unknown John Doe Officers, were at all relevant times duly appointed police officers of the Defendant, City of Waukesha, and at all relevant times were acting within their scope of employment and under color of law. Defendants Paszkiewicz, Goodnature and the Unknown John Doe Officers will be collectively referred to as Defendant Officers.

6) Defendant City of Waukesha is a municipal corporation duly incorporated under the laws of the State of Wisconsin, and is the employer and principal of the Defendant Officers.

## FACTS

7) Plaintiff, who has lived in her home since 2018, had been in communications with City of Waukesha ("City") officials concerning how tree and landscaping maintenance along her lot line would be handled. Plaintiff purchased the

2

property, in large part, due to the abundant landscaping and trees surrounding it, and she invested significantly to improve her outdoor space because of the natural privacy the trees provided

8) Plaintiff previously raised concerns with City officials over tree removal, and City officials assured Plaintiff that no trees or other landscaping would be removed behind her property without her being afforded notice.

9) On March 27, 2024, Plaintiff was working in her home office when she heard chainsaws and equipment running behind her home. She looked out her window and noticed a private tree company preparing to cut down trees along her lot line.

10) Uncertain whether they knew about her history of communications with City officials, Plaintiff went outside to speak with the workers. She approached the crew leader, Witness Drake, and asked if they could pause their work so that she could contact the Forestry Department. Drake agreed.

11) One of the crewmembers, who apparently did not hear the conversation, continued to work. Plaintiff stood in front of the workers' equipment for a matter of moments to get his attention. Plaintiff then walked over to the shoulder of the road, away from where the work was being performed, and called the Waukesha Forestry Department.

12) When police arrived, Plaintiff was standing on the shoulder, away from the workers. Plaintiff explained the situation to the officers while she was on the phone with the Forestry Department. Plaintiff advised the officers that a city official was coming to the scene to give attention to the matter.

3

13) Plaintiff moved onto her property, a significant distance away from where the contractors were working. She was not yelling, cursing or making any threats.

14) Nevertheless, Defendant Paszkiewicz gave Plaintiff an ultimatum to either go inside her home or be arrested. Plaintiff questioned the lawfulness of his order. Rather than permit Plaintiff to remain on her property, a safe distance from the workers, Defendant Paszkiewicz trespassed onto Plaintiff's property, took physical hold of her arms, took her to the ground and arrested her.

15) Plaintiff was not committing and had not committed any crimes.

16) Defendant Officers arrested the Plaintiff and caused her to be charged with various criminal offenses including disorderly conduct, a misdemeanor.

17) There was no probable cause for the Plaintiff's arrest on the incident date.

18) Plaintiff proceeded to a jury trial on the charges on April 1, 2025. Both Defendants Goodnature and Paszkiewicz testified for the State. The jury returned a verdict of Not Guilty and the Honorable Paul F. Reilly entered a Judgment of Acquittal on the same date.

## COUNT I—FALSE ARREST/UNLAWFUL SEIZURE

19) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

20) As described above, Defendant Officers detained and arrested Plaintiff without justification and without probable cause, thus violating Plaintiff's rights under the United States Constitution.

21) The decision to arrest Plaintiff for disorderly conduct was without reasonable suspicion, lawful justification, and probable cause, thus violating Plaintiff's rights under the United States Constitution.

4

22) Said actions of Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

23) Said actions of Defendant Officers were objectively unreasonable under the circumstances.

24) As a direct and proximate cause of Defendant Officers' conduct, Plaintiff suffered damages, including without limitation violations of her constitutional rights, loss of liberty, emotional anxiety, fear, monetary expense, and pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Officers for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II—EXCESSIVE FORCE/FAILURE TO INTERVENE

25) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

26) The actions of the Defendant Officers as set forth hereto constitute excessive force and failure to intervene against Plaintiff, thus violating her rights under the United States Constitution and 42 U.S.C. Section 1983.

27) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

28) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

29) As a direct and proximate consequence of the Defendant Officers' conduct, the Plaintiff suffered damages, including without limitation violations of her constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Officers, jointly and severally, for an award of reasonable compensatory and punitive damages,

5

plus attorneys' fees and costs.

## COUNT III—MALICIOUS PROSECUTION (state law)

30) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

31) The Defendant Officers willfully and wantonly and with malice against Plaintiff initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against her, without probable cause.

32) With malice, willfulness, and reckless indifference to Plaintiff's rights, the Defendant Officers created false and/or inaccurate police reports and/or made false statements to other police officers and prosecutors.

33) The legal proceedings against Plaintiff were terminated in her favor.

34) As a direct and proximate result of Defendant Officers' malicious prosecution, Plaintiff suffered injury, including without limitation emotional and financial damages, which will be proven at trial.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT IV--INDEMNIFICATION

35) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

36) At all relevant times, Defendant City of Waukesha was the employer of the individual Defendants.

37) The individual Defendants committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Waukesha.

6

38) Pursuant to Wisconsin Statutes § 895.46(1), Defendant Officers are indemnified for their actions in this case and the violations of Plaintiff's rights and the injuries she suffered.

39) As a proximate cause of the individual Defendants' unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

**WHEREFORE**, should one or more of the individual Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Waukesha be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT V—*RESPONDEAT SUPERIOR*

40) Each of the paragraphs above is incorporated by reference as though fully stated herein.

41) In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the City of Waukesha and were acting at all relevant times within the scope of their employment and under color of law.

42) Defendant City of Waukesha is liable as principal for all torts committed by its agents.

**WHEREFORE**, should one or more of the individual Defendants be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Waukesha be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

7

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.


Respectfully submitted,

/s/ Jon Neuleib
Jon Neuleib

WI Bar 1072016
Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370
jonn@eolawus.com

8